# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FRED ROBERT MARTINEZ,**

        Petitioner,

vs.

                                      Civ. No. 04-763 BB/ACT
                                      Cr. No. 87-451 BB

**UNITED STATES OF AMERICA,**

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody filed July 7, 2004. This matter was consolidated with Civ. No. 04-678 on September 9, 2004. Docket No. 8. This case was referred to the undersigned United States Magistrate Judge on March 10, 2005 to submit proposed findings of fact and recommendations for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1). Docket No. 12. Having considered the pleadings and the relevant law, the Court recommends that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be denied.

## PROPOSED FINDINGS

1.      On October 20, 1987, Petitioner and co-perpetrator, Larry James Mireles, with

handguns, robbed a bank and took approximately $2,834.00.  Petitioner was arrested and charged with Armed Robbery in the First Degree.  At the time of the robbery, Petitioner was on state parole. On October 26, 1987, the Corrections Department of the State of New Mexico issued a warrant for Petitioner's arrest for violation of the terms of his state parole.

2.      On December 10, 1987, a United States grand jury returned an indictment against Petitioner charging him with bank robbery.  On March 11, 1988, the Honorable E.L. Mechem directed the Clerk of the United States District Court to issue a writ of habeas corpus ad prosequendum, ordering the administrator of the Bernalillo Count Detention Center to surrender Petitioner to the United States Marshal for purposes of arraignment.  Petitioner was arraigned on March 24, 1988.

3.      Petitioner was brought back before the United States District Court upon a writ of habeas corpus ad prosequendum for purposes of entering a guilty plea on May 3, 1988.  Petitioner came before the Court upon a writ of habeas corpus ad prosequendum for imposition of sentence on July 1, 1988.  Petitioner was sentenced to a term of imprisonment of eighteen years and returned to the county jail on the same day.

4.      Petitioner remained in the Bernalillo County jail from July 1, 1988 until April 25, 1989, when he was taken by the Department of Corrections of the State of New Mexico to begin serving a sentence for violation of his state parole.

5.      Petitioner was taken to the United States Prison at Leavenworth, Kansas to begin serving his federal term of imprisonment on October 1, 1993.

6.      Through an administrative process, Petitioner received credit toward his federal sentence for the time he was in custody between his first time in federal court, March 24, 1988 until

2

the date he began serving time on the state parole violation, April 25, 1989.

7.      Petitioner was paroled on December 3, 2003.

8.      On April 26, 2004, The U.S. Parole Commission ("Parole Commission") wrote to Petitioner stating that there was probable cause that Petitioner had violated his conditions of parole. Response, Exhibit 20.  On July 2, 2004, in a "Notice of Action", the Parole Commission revoked Petitioner's parole and gave him a "presumptive re-parole date of February 8, 2006."  Response, Exhibit 21.

9.      On January 20, 1995, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct the sentence in his underlying criminal case.  *Martinez v. United States,* Civ. No. 95-37 JP/LCS ("First Application").   In the First Application, Petitioner sought credit for the time he spent in state custody against his federal term of imprisonment.[1]  Specifically, he was seeking credit for the time he served in state prison until his delivery to the U.S. prison at Leavenworth from April 25, 1989 until October 1, 1993.  On December 28, 1995,  United States District Judge James A. Parker dismissed Petitioner's First Application with prejudice.

10.      On June 15, 2004, Petitioner filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Second Application") requesting credit for the time he spent in state custody.  On February 11, 2005, this  Application was transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  Docket No. 25.

---

[1]An application under 28 U.S.C. §2241 attacks the execution of a sentence rather than its validity.  *United States v. Scott,* 803 F.2d 1095, 1096 (10th Cir. 1986).  Petitioner's First Application clearly challenges the execution of his sentence. Thus, it is more appropriate to construe it as an application pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255.

11.     On July 7, 2004, the Petitioner filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Third Application") requesting that he be released and reinstated to his original parole status.  On February 11, 2005, the Court ordered supplemental briefing on the issues of mootness and exhaustion, and the merits of the Application.  Docket No. 25.

12.     Petitioner's Third Application alleges that the Parole Commission acted without authority and failed to follow its own procedures.  Third Application, p. 6.  Petitioner alleges that the Parole Commission's actions constitute double jeopardy and "[t]here is an implied custody Agreement between the state and Federal Probation."  *Id.* at 7 and 8.

*Exhaustion of remedies.*

13.     A prisoner challenging a decision of the Parole Commission is required to exhaust his administrative remedies before seeking habeas relief in federal court. *Brown v. Smith,* 828 F.2d 1493 (10th Cir. 1987); *Fuller v. Rich,* 11 F.3d 61 (5th Cir. 1994).  Exhaustion is required because "the agency is in a superior position to investigate the facts." *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).

14.     The "Notice of Action" dated July 2, 2004 in which Petitioner's's parole was revoked provides that this decision may be appealed to the National Appeals Board pursuant to 28 C.F.R.§ 2.26.  Response, Exhibit 21.

15.     Petitioner does not assert that he appealed the decision of the Parole Commission. Petition, p. 6-8. Furthermore Respondent asserts that the files of the United States Probation Officer Shane Johnson "contained no evidence that Martinez appealed the United States Parole Commissioner's ruling."  Respondent's Supplemental brief, p. 3.

16.     Petitioner does assert that an attempt to exhaust would be "futile and unreasonable"

4

because he is attacking the Parole Commission's authority and hearing procedures.  Petitioner's Supplemental brief, p. 5.

17.     Petitioner has failed to demonstrate that an appeal would be futile.

'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.' *citation omitted*.  However, exceptions to the exhaustion requirement apply only in 'extraordinary circumstances' *citation omitted*, and [Petitioner] bears the burden of demonstrating the futility of administrative review. *citation omitted*.  *Fuller*, 11 F.3d at 62.

18.     Petitioner has not shown that he qualifies for an exception to the exhaustion requirement.   Recitation of futility is not sufficient to avoid the exhaustion requirement.  *Verner v. Reno*, 1998 U.S.  App. LEXIS 20841 (10th Cir., November 3, 1998) (ruling that even though appeal may be time-barred, '"until he actually appeals and that appeal is acted on, we do not know what the appeals board will do with [Petitioner's] claims, and until the appeals board has been given an opportunity to act, [Petitioner] has not shown that such an appeal would be futile."'  citing *Fuller*, 11 F.3d at 62.  Furthermore, as discussed below, Petitioner has not shown that the actions of the Parole Board "clearly and unambiguously violate statutory or constitutional rights." *Cf. Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3rd Cir. 1988).  Thus, the Court finds that Petitioner has failed to exhaust his administrative remedies.

*Merits of Petitioner's Third Application.*

19.     Petitioner cannot prevail on the merits of his Third Application.  Petitioner claims that the Parole Commission does not have statutory authority to convene a revocation hearing of parole violations.  His grounds are the repeal of statutes that authorized the Parole Commission and the National Appeals Board on November 1, 1987.  Pub L. 98-473, Title II, § 218(a)(5), Oct. 12, 1984, 98 Stat. 2027.  However, Congress subsequently passed legislation which extended the existence and

authority of the Parole Commissioner and National Appeals Board.  The most recent legislation was enacted on November 2, 2002, extending the Parole Commission's and National Appeals Board's existence and authority to November of 2005.  Pub. L. 107-273, Div. C., Title I, § 11017, November 2, 2002, 116 Stat.1758.

20.    Petitioner asserts that the law requires that two hearing officers preside over his revocation hearing.  A reading of 18 U.S.C. § 4214 ("Revocation of parole") demonstrates that the statute does not require that two hearing officers preside over revocation hearings.  Moreover, pursuant to § 2.23(a): Delegation to Hearing Examiners, of the United States Parole Commission's Rules and Procedures Manual dated August 15, 2003, specifically states that "[a]ny hearing may be conducted by a single examiner or by a panel of examiners."

21.    Petitioner claims that the action of the Parole Commission subjects him to double jeopardy.  The Tenth Circuit Court of Appeals has noted that "[p]arole determinations are not viewed as criminal punishment subject to the Double Jeopardy Clause."  *Kell v. United States Parole Commission*, 26 F.3d 1016, 1020 (10th Cir. 1994).  Petitioner's claim that the state charges against him were "mere allegations" also do not support any claim he may have in his Petition.  The parole hearing officer is only required to determine "if there is probable cause to believe that he has violated a condition of his parole..."  18 U.S.C. § 4214(a)(1)(A).  An underlying conviction is not required.

22.    Finally, Petitioner claims that "[t]here is an implied custody agreement between the state and federal probation."  Petition, p. 8.  Petitioner asserts that his probation officer told him that he did not have to report to federal probation until the state charges were resolved.  Thus, he should not have been charged with Violation of Special Condition.  Petition, Exhibit D, p. 3. On December 3, 2003, Petitioner acknowledged that he had read or had read to him the Conditions of Release form

which set out the Special Drug Aftercare Condition.  Response, Exhibit 17,  3-4. The Parole Commission specifically found that Petitioner violated his conditions of release.  Petitioner did not appeal this finding and Petitioner provides no credible evidence to the contrary.

### RECOMMENDED DISPOSITION

I recommend that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 241 by a Person in Federal Custody filed July 7, 2004  be dismissed with prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**